## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
*********************************************
BILLY P. GREER,                        *
3335 18th Street, N.W.                 *
Washington, D.C.  20010                *
                                       *
        Plaintiff,                     *
                                       *
    v.                                 *
                                       *   C.A. No.: 1:13-000-cv-
BOARD OF TRUSTEES OF THE               *
UNIVERSITY OF THE DISTRICT             *
 OF COLUMBIA,                          *
4200 Connecticut Avenue, N.W., Bldg. 39 *
Washington, D.C.  20008                *
                                       *
        Defendant.                     *
*********************************************
```

## COMPLAINT - CIVIL RIGHTS

## (JURY TRIAL DEMANDED)

### I.  JURISDICTION AND VENUE

1.    This is an action for declaratory relief, injunctive relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Billy P. Greer to redress violations by the Defendant of Plaintiff's civil rights. The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII"), which provides for injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and forbids retaliation against any person who exercises his or her rights under Title VII.    The jurisdiction of this Court is also

invoked under 28 U.S.C. §§ 1331, this being a suit authorized and instituted pursuant to the Civil Rights Act of 1964.

2.     This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose and in which the Defendant, an agency of the District of Columbia government, is located and doing business.

3.     This is a civil action and the amount in controversy exceeds $100,000 (Ten Thousand Dollars), exclusive of interest and costs.

## II.  PARTIES

4.     Plaintiff Billy P. Greer is a citizen of the United States who is an employee of the Defendant University of the District of Columbia, an agency of the District of Columbia government.

5.     Defendant Board of Trustees of the University of the District of Columbia is the governing body of the University of the District of Columbia.

## III.  STATEMENT OF FACTS

6.     Plaintiff began employment with Defendant University of the District of Columbia as a District of Columbia police officer in 1988.

7.     Plaintiff continues to occupy that position up to this time.

8.     Plaintiff's  primary duties consist of providing security and safety on the UDC campus, and enforcing the laws and codes of the District of Columbia.

9.     Since approximately 2006, the University of the District of Columbia has engaged in a pattern and practice of discrimination against Black people.

10.     The UDC has accomplished its plan by giving preferential treatment to non African-American persons in hiring, promotion, discipline and discharge.

11.     The UDC has also engaged in a pattern of reprisal against any persons who file discrimination complaints against the UDC.

12.     During the period 2002-2008, UDC hired several supervisors who not only did not work for the UDC police department, but had no prior supervisory experience.

13.     The collective bargaining agreement between the UDC and the Local 2087, American Federation of State, County, and Municipal Employees requires that the University give current employees first preference in applying for vacant positions, and that all vacant positions first be posted within the UDC.

14.     The personnel regulations of the District of Columbia, as set forth in Chapter 8 of the D.C. Manual, require that current District of Columbia government employees be given preference for promotions.

15.     Plaintiff Greer is a member of the UDC staff union, Local 2087 of the American Federation of State, County, and Municipal Employees ("AFSCME").

16.     In 2009 and 2010, Plaintiff Greer charged the UDC with employment discrimination in complaints Greer filed with the U.S. Equal Employment Opportunity Commission.

17.     In 2010, Plaintiff Greer filed a lawsuit in this Court, charging the UDC with discrimination.

18.     Subsequent to Mr. Greer filing his complaints of discrimination, the UDC Police Department has filled several positions for which Mr. Greer was fully qualified.

19.     Notwithstanding his qualifications, Mr. Greer has never been interviewed for any of the vacant positions filled by the UDC Police Department.

20.      In approximately August 2010, plaintiff became aware that defendant UDC hired an African-American male named Thomas Coles as a lieutenant in the UDC police department.

21.     On information and belief, Mr. Cole's last working assignment was that of a patrol officer at D.C. Protective Services.

22.     At the point in time of Mr. Cole's hiring, the plaintiff was in the existing pool of UDC employees in the DC government police department.

23.     At the point in time of Mr. Cole's hiring, Mr. Cole was not an employee of the D.C. Government.

24.     At the time of Mr. Cole's hiring, Plaintiff Greer had at least ten (10) to fourteen (14) years of supervisory experience as an Officer-in-Charge (hereinafter referred to as "OIC") for the UDC Police Department.

25.     The hiring of Thomas Cole by UDC was part of a pattern of hiring supervisors into the UDC police department without allowing persons who were already on the UDC police force an opportunity to be interviewed for the position in question.

26.     Dana Miller is a female co-worker of Mr. Greer.

27.     Dana Miller is younger than Plaintiff Greer and was not a resident of Washington, D.C.

28.     Dana Miller was promoted to two separate supervisory positions, notwithstanding the fact that she had less supervisory experience than Mr. Greer.

29.     In August 2012, plaintiff applied for two different supervisory positions.

30.     Plaintiff later learned that he had received no consideration for either position.

31.     Cetrina Smith was appointed to a lieutenant position in the UDC Police Department in 2012

32.     Cetrina Smith is a female, younger than Plaintiff, with less police officer experience, and less supervisory experience than Plaintiff.

33.     At the time she was appointed to the lieutenant position, Cetrina Smith was not a resident of Washington, D.C.

34.     At the time she was appointed to the lieutenant position in the UDC Police Department, Cetrina Smith was not a D.C. government employee.

35.     In 2012, Ronald Culmer was hired for a lieutenant position in the UDC Police Department.

36.     At the time of his hire by the UDC Police Department, Ronald Culmer was not a D.C. government employee.

37.     At the time of his hire by the UDC Police Department, Ronald Culmer was not a resident of the District of Columbia.

38.     Plaintiff Greer was fully qualified for the position for which Cetrina Smith was hired.

39.     Notwithstanding his qualifications, Mr. Greer was not interviewed for the position for which Cetrina Smith was hired.

40.     At the time Ronald Culmer was hired for a lieutenant position in the UDC Police Department, there were no vacant lieutenant positions in the UDC Police Department.

41.    Less than six months after hiring Ronald Culmer for a lieutenant position, UDC hired yet another person from outside the workforce for a lieutenant position.

42.    During the entire time of his tenure with the UDC Police Department, Mr. Greer has been a resident of the District of Columbia.

43.    In November 2012, plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission alleging employment discrimination and retaliation constantly and continuously with respect to his gender and age. On August 6, 2013, plaintiff received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission, and all administrative exhaustion requirements have been satisfied.

## IV.  STATEMENT OF CLAIM

### A.  FIRST CAUSE OF ACTION— DISCRIMINATION

44.    Plaintiff Billy P. Greer alleges and re-alleges Paragraphs 4 through 43, with the same force and effect as if set forth separately and at length herein.

45.    The effect of Defendants' acts and practices as enumerated herein has been to deprive Plaintiff of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et  seq.,to be free from discrimination, because Defendants, solely because of Plaintiff's gender and age, have deprived Plaintiff of equal opportunity in the terms and conditions of Plaintiff's employment.  By said acts, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended

### B.    SECOND CAUSE OF ACTION—RETALIATION

46.    Plaintiff Billy P. Greer alleges and re-alleges Paragraphs 4 through 43, with the same force and effect as if set forth separately and at length herein.

47.     Plaintiff Billy P. Greer alleges that, solely because of Plaintiff's protected activity, Defendant University of the District of Columbia has engaged in retaliatory conduct in violation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., by harassing Plaintiff, and by failing and refusing to give Plaintiff an equal opportunity to be considered for promotional opportunities.

48.     As a result of the acts and practices complained of herein, Plaintiff Billy P. Greer has suffered and is still suffering loss of income and wages, employment opportunities, promotion, loss of personal and professional esteem, and Plaintiff has suffered and is still suffering, mental anguish and emotional distress.

49.     Plaintiff Greer has no plain, adequate or complete remedy at law to redress the wrongs complained of herein, and unless restrained by Order of this Court, Plaintiff will continue to suffer irreparable injury as a result of the wrongs complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, Order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1.  Issue a declaratory judgment that Defendants' acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.;

2.  Order Defendant to make Plaintiff whole for the discrimination and retaliation Plaintiff has suffered as a result of the acts and practices as described herein, and provide

appropriate reasonable accommodation, back pay, wages, and benefits in an amount to be shown at trial;

3.   Grant Plaintiff an award of compensatory damages for each of Plaintiff's Claims herein to compensate Plaintiff for the humiliation, emotional distress and loss of personal and professional esteem suffered by Plaintiff as a result of Defendants' intentional acts;

4. Grant Plaintiff's attorney's fees, costs and the disbursements necessary for Plaintiff to maintain this action.

5.   Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance.

6.   Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

_____/s/_____
John W. Davis, DCB# 931600
1629 K Street, N.W.
Suite 300
Washington, D.C.  20006
(202) 408-1952
(202) 403-3495, Facsimile
jwdalaw@aol.com
Attorney for Plaintiff Billy Greer