**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BILLY P. GREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-1728 (TSC) |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF THE DISTRICT | ) | |
| OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Billy P. Greer asserts that his employer the University of the District of

Columbia ("UDC" or "Defendant") discriminated against him on the basis of race, gender and

age, and retaliated against him for protected activity, by refusing to promote him within the ranks

of the UDC police department.  Defendant moves to dismiss the First Amended Complaint

because it is untimely, because Plaintiff failed to properly exhaust administrative remedies, and

because the complaint otherwise fails to state a valid claim for relief.  In a cursory opposition,

Plaintiff sought leave to file a second amended complaint.  For the reasons set forth below,

Defendant's motion is GRANTED and the First Amended Complaint is dismissed.  Plaintiff may

move for leave to file a Second Amended Complaint.

The court is compelled to note the unusual procedural course this litigation has taken.

Plaintiff, through counsel, filed a complaint on November 1, 2013.  (ECF No. 1).  Defendant

moved to dismiss on April 14, 2014, raising arguments nearly identical to those raised in the

pending motion to dismiss.  (*Compare* ECF No. 7-1 *with* Def. Renewed Mot. (ECF No. 32)).

1

Despite two extensions of time, Plaintiff failed to oppose the motion.  (Minute Orders, May 2, 2014 & May 22, 2014).  On June 6, 2014, Defendant asked the court to treat the motion as conceded and dismiss the case.  (ECF No. 10).  This spurred Plaintiff into action, and he alerted the court to his counsel's deficient performance.  (*See* ECF No. 11).  Given the inadequacies of Plaintiff's counsel, the court stayed this case for approximately six months to enable Plaintiff to locate replacement counsel.  (*Id.*; ECF No. 15).  Replacement counsel appeared at a hearing on February 12, 2015 and acknowledged deficiencies in the then-operative complaint, but did not enter an appearance and seek leave to file an amended complaint until late March 2015.  (ECF Nos. 26, 28).  The court granted leave to file an amended complaint and denied the then-pending motion to dismiss as moot, without prejudice to filing a renewed motion to dismiss the amended complaint.  (Minute Order, Feb. 19, 2015; Minute Entry, Apr. 1, 2015).  Defendant's motion to dismiss the First Amended Complaint is the pending motion.

The court recites this procedural history to highlight that in March 2015, when Plaintiff had the opportunity to submit the amended complaint, Plaintiff and his current lawyer had the benefit of knowing the arguments Defendant had raised almost one year earlier about the inadequacies of the original complaint.  Despite this advance knowledge, the First Amended Complaint made minimal changes to Plaintiff's allegations, and the arguments in the motion before the Court mirror those made previously.  Plaintiff's counsel explained during oral argument that the bare-bones nature of the First Amended Complaint is due in part to complications with obtaining Plaintiff's file from his former counsel.

The court is sympathetic to the difficulties replacement counsel faces when taking on an already-pending case, particular where withdrawing counsel is ill and may be difficult to reach. However, these difficulties cannot be used to explain many of the deficiencies in the operative

complaint.  Plaintiff did not need access to documents in order to remedy his failure to

specifically invoke the Age Discrimination in Employment Act.  *See infra* Section III.A.  Nor did

Plaintiff need access to evidence no longer in his possession in order to plead, on information

and belief if necessary, that he applied for (or was prevented from applying for) and was

qualified for the jobs he ultimately did not receive.  *See infra* Section III.D.

## I.        FACTUAL BACKGROUND

Plaintiff, a 53 year-old African-American man has been employed as a police officer at

the University of the District of Columbia since 1988.  (Am. Compl. ¶¶ 6-8).  He alleges that

since 2006, UDC has engaged in a pattern and practice of race, gender and age discrimination.

(*Id.* ¶ 11).  This pattern takes the form of "giving preferential treatment to non African-American

persons in hiring, promotion, discipline and discharge."[1]  (*Id.* ¶ 12).  Between 2002 and 2008

UDC "hired several supervisors who not only did not work for the UDC police department, but

had no prior supervisory experience," in violation of UDC's collective bargaining agreement

with the Local 2087, American Federation of State, County and Municipal Employees (of which

Greer is a member) and D.C. personnel regulations, both of which require that current employees

receive preference for vacant positions.  (*Id.* ¶¶ 14-17).

Greer filed at least one charge with the Equal Employment Opportunity Commission (the

"EEOC") in 2009 which charged UDC with "employment discrimination," and later filed a

lawsuit arising from that charge.  (Am. Compl. ¶¶ 18-19).  Since Greer filed those allegations of

discrimination, UDC has "filled several positions for which Mr. Greer was fully qualified."  (*Id.*

¶¶ 20-21).  In August 2010, Plaintiff learned that UDC hired Thomas Coles, an African-

---

[1] The alleged pattern and practice of discrimination does not include giving preferential treatment to women or younger applicants.

3

American male, as a lieutenant in the police department, even though Coles' "last working

assignment was that of a patrol officer at D.C. Protective Services," (*Id.* ¶¶ 22-23), Cole was not

then an employee of the D.C. Government (*id.* ¶ 25), and Plaintiff had between 10 and 14 years

of supervisory experience at UDC.  (*Id.* ¶ 26).  At subsequent times UDC filled four lieutenant

positions with candidates other than Plaintiff.  Dana Miller, a female of unidentified race who is

younger than Plaintiff and is not a resident of D.C., has been promoted to two supervisory

positions even though she has "less supervisory experience than" Plaintiff.  (Am. Compl. ¶¶28-

30).  Cerina Smith, a female of unidentified race who is younger than Plaintiff, has less

experience than Plaintiff and was neither a D.C. resident or employee when she was appointed to

a lieutenant position in 2012.  (Am. Compl. ¶¶ 33-36).  Plaintiff alleges he was qualified for this

position but was not interviewed for it.  (Am. Compl.¶¶ 40-41).  Ronald Culmer, a non-resident,

non-D.C. employee of unidentified race and age, was hired into a lieutenant position, also in

2012, even though there were no open positions at the time.  (Am. Compl. ¶¶ 37-39, 42).  In

August 2012 Plaintiff applied for, but was not considered for, two supervisory positions.  (Am.

Compl. ¶¶ 31-32).  Finally, an unidentified person of unknown gender, race or age was hired less

than six months after Culmer (Am. Compl. ¶ 43).  In sum, Defendant hired one man and two

women, and two individuals younger than Plaintiff (but potentially still in the class protected by

the ADEA).  To the extent Plaintiff alleges race discrimination, he does not allege the race of any

person who received a promotion other than Mr. Coles.  (Am. Compl. ¶¶ 20-25).

In August 2012[2] Plaintiff filed another complaint with the EEOC alleging gender and

race discrimination and retaliation.  He received a right-to-sue-letter on August 6, 2013 and filed

---

[2] Plaintiff alleges he filed this charge in November 2012.  (Am. Compl. ¶ 45).  However, the charge for which he
later received a right to sue letter, Charge No. 570-2012-02143, is dated August 14, 2012.  (Def. Ex. 3 at 6).  The
court may consider the right to sue letter and the EEOC charge because the court may consider a document
incorporated by reference into the complaint on a motion to dismiss without converting it into one for summary

this lawsuit on November 1, 2013.  (Compl; Am. Compl. ¶ 45).  In the First Amended

Complaint, he alleges that the actions described above constitute age, gender and race[3]

discrimination in violation of Title VII (Am. Compl. ¶¶ 47) and retaliation for his previous

complaints of discrimination.  (*Id.* ¶ 49).  Defendant moved to dismiss the First Amended

Complaint as untimely, for failure to exhaust administrative remedies, and for failure to state a

claim.  (Def. Renewed Mot.)

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the legal

sufficiency of a complaint.  *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678

(2009) (internal quotation marks and citation omitted).  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  *Id.* (citation omitted).  Although a plaintiff may survive a Rule 12(b)(6) motion

even where "recovery is very remote and unlikely[,]" the facts alleged in the complaint "must be

enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 555-56 (2007) (internal quotation marks and citation omitted).  Moreover, a pleading

must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a

---

judgment. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  The court "may also consider documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Bullock v. Donohoe*, No. 13-cv-1543, 2014 WL 5147550, at *2 (D.D.C. Oct. 14, 2014) (internal quotation omitted).  Plaintiff appears to concede that the charge was filed in August 2012 but asserts that the charge was amended in November 2012. (Pl. Opp'n at 5).  The Court cannot consider the allegation that the charge was amended in November 2012 because it is "axiomatic" that pleadings may not be amended by statements in opposition to a motion to dismiss. *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (citations omitted).

[3] Plaintiff's first cause of action references only gender and age.  (Am. Compl. ¶47).  However, some allegations of the complaint invoke racial discrimination as well.  (*E.g.* Am. Compl. ¶¶1, 6, 11).

cause of action[.]" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).  If the facts as alleged, which must be taken as true, fail to establish that a plaintiff has stated a claim upon which relief can be granted, the Rule 12(b)(6) motion must be granted.  *See, e.g., Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

In deciding a 12(b)(6) motion, a court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *St. Francis Xavier Parochial Sch.*, 117 F.3d at 624. When the plaintiff alleges the filing of an administrative charge, that charge may be deemed incorporated into the complaint and the court can consider it on a motion to dismiss.  *Hudson v. Children's Nat'l Med. Ctr.*, 645 F. Supp. 2d 1, 5 n.5 (D.D.C. 2009); *Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*, 540 F. Supp. 2d 231, 235 n.5 (D.D.C. 2008).

## III.   ANALYSIS

### A.  Plaintiff's Allegations of Age Discrimination

Title VII protects against discrimination based on race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits retaliation for opposing conduct, or participating in a hearing, investigation or proceeding regarding such conduct, made unlawful by § 2000e-2 – i.e. discrimination based on race, color, religion, sex or national origin.  42 U.S.C. § 2000e-3(a).  Title VII does not prohibit, or protect against, employment discrimination on the basis of age (or protect against retaliation for opposing age discrimination).  That protection is found in a wholly separate statute, the Age Discrimination in Employment Act, 29 U.S.C. § 623 (the "ADEA").

Defendant argues that all of Plaintiff's claims based on age discrimination must be dismissed with prejudice because Plaintiff invokes only Title VII and not the ADEA.  (Def. Renewed Mot. at 12-13).  That dismissal would be particularly appropriate here for two reasons.

First, because of this case's complicated procedural history, Plaintiff was on notice when

drafting the First Amended Complaint that references to the ADEA were missing.  (Def. Mot. at

12-13).  Even so, the First Amended Complaint makes no mention of the ADEA.  Second,

Plaintiff's only response to this argument was to seek leave to file a second amended complaint

correcting this pleading error.  (Pl. Renewed Opp'n at 6).  Plaintiff offered no justification for

failing to invoke the ADEA in the First Amended Complaint.  In this Circuit, failure to

adequately respond to arguments raised in a motion to dismiss may be deemed a concession of

those arguments.  *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009); *see*

*also Davis v. Pension Benefit Guarantee Corp.*, 734 F.3d 1161, 1166-67 (D.C. Cir. 2013) ("In

this circuit, it is not enough merely to mention a possible argument in the most skeletal way,

leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its

bones") (internal quotation and alteration omitted).

  However, a recent Supreme Court opinion could be read to caution against dismissal with

prejudice here.  In *Johnson v. City of Shelby, Mississippi*, 574 U.S. ___, No. 13-1318 (Nov. 10,

2014) (per curiam) (slip op.), the Court summarily reversed entry of summary judgment against

plaintiffs who alleged constitutional claims against Shelby without specifically invoking § 1983.

The Court held that Federal pleading rules do not require "dismissal of a complaint for imperfect

statement of the legal theory supporting the claim asserted."  *Id.* at 1.  The Court rejected the

theory, on which the Fifth Circuit had affirmed the grant of summary judgment, that because §

1983 might trigger certain theories not implicated in other suits – e.g. qualified immunity – it

was necessary to specifically invoke that statutory provision.  *Id.* at 2.

  In light of this opinion, and despite the factors weighing in favor of dismissal addressed

above, the court believes it is a more efficient use of judicial resources to evaluate the sufficiency

of Plaintiff's claims under the ADEA despite Plaintiff's failure to, twice, include a citation to

that statute in his complaint.[4]   Accordingly, the remainder of this opinion assesses the sufficiency

of Plaintiff's amended complaint under both Title VII and the ADEA.[5]

### B.  Timeliness

Under Title VII and the ADEA, a plaintiff must file a lawsuit in U.S. district court within

90 days of receipt of a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); 29 U.S.C.

§ 626(e).  This period begins on the day after receipt of the letter.  *Akridge v. Gallaudet Univ.*,

729 F. Supp. 2d 172, 178 (D.D.C. 2010) (relying on Fed. R. Civ. P. 6).  Courts generally

presume that delivery occurs between three to five days after the date of the letter, although that

presumption may be rebutted by contrary evidence.  *Mack v. WP Co., LLC*, 923 F. Supp. 2d 294,

299 (D.D.C. 2013).

In this case, Mr. Greer's right-to-sue letter is dated July 30, 2013.  (Def. Ex. 4 at 2).  He

filed his Complaint on November 1, 2013, 94 days later.  (Compl.).  Defendant argues the suit is

therefore untimely and must be dismissed.  (Def. Renewed Mot. at 7-8).

Defendant raises the issue of timeliness as a question of the court's subject matter

jurisdiction under Rule 12(b)(1).  (*Id.*).  Compliance with this statute of limitations requirement,

*Hammel v. Marsh USA Inc.*, No. 14-cv-943, 2015 WL 525765, at *5 (D.D.C. Feb. 10, 2015), is

an affirmative defense more properly suited to a motion made under Rule 12(b)(6) for failure to

state a claim.  *Bell v. Donley*, 724 F. Supp. 2d 1, 6 (D.D.C. 2010); *Uzoukwu v. Metro. Wash.*

---

[4] The court overlooks Plaintiff's omission in part because Title VII and the ADEA are, for relevant purposes, nearly identical and it is neither an undue burden on the court nor prejudicial to Defendant to treat Defendant's arguments as applicable to claims made both under the ADEA and under Title VII.  The Court does not lightly take on the burden of making arguments for a party, particularly a party who is represented by counsel.

[5] Plaintiff is cautioned that failure to include a claim under the ADEA in the Second Amended Complaint, if one is filed, will be considered dispositive of any age discrimination claims Plaintiff hopes to raise.

*Council of Govs.*, 845 F. Supp. 2d 168, 171 (D.D.C. 2012); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  "[A]n affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  "'[B]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred.'"  *Redding v. District of Columbia*, 828 F. Supp. 2d 272, 278 (D.D.C. 2011) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (alteration in original)).

Here, Plaintiff alleges he received the right-to-sue letter on August 6, 2013.  (Am. Compl. ¶ 45).  The question for the court is whether this allegation is sufficient at this stage of the litigation.  Given that the allegation must be presumed true, it suffices to withstand a motion to dismiss that Plaintiff alleges timely filing of this lawsuit.  *Mack*, 923 F. Supp. 2d at 300 n.3; *Friedman v. Swiss Re Am. Holding Corp.*, 512 Fed. Appx. 94, 96 (2d Cir. 2013) (error for court to disregard allegation that letter was received six days after mailing); *see also Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982) (error to grant judgment on the pleadings where plaintiff alleged receipt of EEOC letter on a date later than that stamped on the letter).

## C.  Exhaustion of Administrative Remedies[6]

Title VII and the ADEA also require a plaintiff to file a charge of discrimination with the EEOC before filing suit in federal court.  42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. §

---

[6] As with the statute of limitations discussed above, failure to exhaust administrative remedies in a timely manner is an affirmative defense and not a jurisdictional defect. *Latson v. Holder*, No. 14-cv-371, 2015 WL 1056592, at *5 (D.D.C. Mar. 9, 2015).

626(d)(1)(A) (ADEA).  In the District of Columbia, which is a deferral state,[7] the charge must be

filed within 300 days of the discriminatory act.  *Id.*  Defendant argues that, given these limits,

Plaintiff's August 14, 2012 charge could be timely only for events occurring after October 17,

2011 (300 days prior to the date of the charge).  (Def. Renewed Mot. at 8-10).  This would

preclude suit over any promotion Plaintiff did not receive in 2010.[8]  (Am. Compl. ¶¶ 22-30).

According to UDC, because the August 2012 EEOC charge referenced a single act of

discrimination – the non-selection of Plaintiff for a lieutenant position in March 2012 – Plaintiff

preserved a claim only as to that event.  (Def. Renewed Mem. at 9; *see also* Def. Ex. 3 at 6).[9]

These arguments raise two distinct but intertwined questions: whether Plaintiff may bring a

claim for any events occurring before October 2011, and whether Plaintiff may bring a claim for

non-promotions other than the single non-promotion in March 2012 referenced in his EEOC

charge.

---

[7] A deferral state is a jurisdiction with an agency that has "enforcement powers parallel to those of the EEOC." *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009) (citation omitted).

[8] Plaintiff appears to concede that claims related to events occurring in 2010 are time-barred, as Plaintiff's opposition brief addresses only events occurring in 2012.  (Pl. Opp'n at 2-3; Def. Renewed Reply at 2 (arguing the court should treat the argument as conceded)).  However, the court will not treat the argument as conceded because it is so closely intertwined with Defendant's remaining exhaustion argument.

[9] Defendant separately contends the court should dismiss all gender discrimination claims, since the August 2012 EEOC complaint identified discrimination based only on race, age, and retaliation.  (Def. Ex. 3 at 6; Def. Renewed Mot. at 11).  Plaintiff contends that the EEOC filled out the form based on Plaintiff's allegations and that Plaintiff should not "be punished for the error of the EEOC."  (Pl. Opp'n at 6).  Defendant argues that "failure to check the relevant box on the EEOC charge form can be dispositive."  (Def. Renewed Reply at 4).  Plaintiff's EEOC charge specifically states that a female colleague was interviewed for the position to which Plaintiff had applied and that he believes this violated "EEOC Sex Based Discrimination Law."  (Def. Ex. 3 at 6).  It is where plaintiffs have neither checked the correct box nor given some sort of notice of the substance of their claims in the body of the charge that courts will dismiss for failure to adequately exhaust administrative remedies.  See, e.g., *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 13 (D.D.C. 2008) ("While the boxes aid a claimant in identifying the nature of her charge, a claimant is not necessarily limited to the boxes she selected if she provides the basis for her claim in her written explanation"); *Maryland v. Sodexho, Inc.*, 474 F. Supp. 2d 160, 162 (D.D.C. 2007); *Carter v. Wash. Post*, No. 05-cv-1712, 2006 WL 1371677, at *4 (D.D.C. May 15, 2006) ("If an employee is uncertain of the cause of discrimination that he believes has occurred, he need only describe it in the text of the charge form").  In this case, because the narrative text was sufficient to give UDC "notice of the claim and narrow[] the issues for prompt adjudication and decision," *Hernandez v. Gutierrez*, 656 F. Supp. 2d 101, 103 (D.D.C. 2009), the Court declines to find that Plaintiff failed to exhaust any gender-based claims.

As to the first issue, the law is clear that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l Ry. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). It is equally clear that a "failure to promote" is a discrete discriminatory act. *Id.* at 114. This law precludes Plaintiff from now attempting to bring suit for non-promotions which occurred more than 300 days prior to the August 2012 EEOC charge.

The law applies differently when the plaintiff is alleging the existence of a discriminatory pattern and practice. *Morgan*, 536 U.S. at 115 n. 9. Plaintiff attempts to invoke this distinction by arguing that because his charge complained of "continuing" discrimination (Def. Ex. 3 at 6), he preserved a claim for all of the events described in his complaint. (Pl. Opp'n at 5). Calling a series of similar events a "continuing" violation does not, however, transform those events into a "pattern" of events. "In a pattern or practice case, discrimination is the company's standard operating procedure—the regular rather than the unusual practice." *Pintro v. Wheeler*, 35 F. Supp. 3d 47, 54 (D.D.C. 2014) (citing *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008)) (internal quotations and alterations omitted). Such claims "are generally brought by a class rather than an individual plaintiff." *Id.* (citing *Hayes v. Chao*, 592 F. Supp. 2d 51, 56 (D.D.C. 2008)); *see also More v. Snow*, 480 F. Supp. 2d 257, 271 n.4 (D.D.C. 2007) (plaintiffs could not argue that pattern and practice exception applied because their claims were "based on an individual, disparate treatment basis of liability, not a class-action pattern and practice basis of liability").

It is true that Plaintiff's First Amended Complaint includes the conclusory allegation that UDC "has engaged in a pattern and practice of race and gender discrimination against African-Americans [sic] males[ ]and age discrimination." (Am. Compl. ¶ 11). However, Plaintiff cannot

11

avoid the *Morgan* rule simply by invoking a pattern and practice.  Instead the heart of the

complaint must in fact be directed at such a pattern.  *Major v. Plumbers Local Union No. 5*, 370

F. Supp. 2d 118, 127 (D.D.C. 2005).

The court's analysis on a motion for summary judgment in *Torres v. Mineta*, No. 04-cv-

15, 2005 WL 1139303 (D.D.C. May 13, 2005) illustrates this distinction.  A class of female

minority Air Traffic Assistants over the age of forty sued to challenge a nationwide policy

denying Air Traffic Control Specialist positions to Air Traffic Assistants.  *Id.* at *1.  The court

held that where the plaintiffs were challenging "a national policy designed to disqualify

experienced and talented ATAs from promotions to ATCS positions," and were *not* challenging

"specific instances in which they were denied promotion or training opportunities," the discrete

discriminatory acts rule from *Morgan* did not apply.  *Id.* at *4 (alterations omitted).  The court

contrasted those allegations with cases "in which plaintiffs are challenging discrete acts but

attempt to cast their claims as 'policy or practice' claims."  *Id.* at *5 (citing *Davidson v. Am.

Online, Inc.*, 337 F. 3d 1179, 1185-86 (10th Cir. 2003) (noting that the discrete act rule of

*Morgan* applies "even if the discrete act was part of a company-wide or systemic policy) and

*Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003)); *see also Moore v. Chertoff*, 437 F.

Supp. 2d 156, 161 (D.D.C. 2006).  Plaintiff's allegations here are unlike those of the plaintiff

class in *Torres;* he is alleging that he was denied specific promotions, albeit purportedly as the

result of applying a corporate policy.  As such, *Morgan* is squarely on point.  Plaintiff may

proceed only as to events within 300 days of his EEOC charge – i.e. only events post-dating

October 2011.  Non-promotions in 2010 are not actionable.

The fact that non-promotions in 2010 are not actionable because they were outside the

300-day period of Plaintiff's EEOC charge does not resolve the issue of whether the other 2012

non-promotions, which occurred either: 1) within the 300-day period of the EEOC charge but were not referenced in that charge; or 2) occurred after Plaintiff filed his EEOC charge and were not mentioned in a subsequent or amended EEOC charge, are also barred as unexhausted.[10] *Morgan* commanded "strict adherence to the procedural requirements" of Title VII, 536 U.S. at 108, and held that "each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. Because it rejected the "continuing violation" doctrines of various Circuits, *Morgan* has been read to require a Title VII plaintiff to "file an administrative charge for *each* incident, even when the other claims are like or related to acts alleged in a timely-filed administrative complaint." *Mount v. Johnson*, 36 F. Supp. 3d 74, 83-84 (D.D.C. 2014) (citing *Smith –Thomspon v. District of Columbia*, 657 F. Supp. 2d 123, 136 (D.D.C. 2009)) (emphasis in original). A body of case law has emerged addressing whether, and how much, exhaustion *Morgan* requires for "claims based on discrete discriminatory or retaliatory acts that occurred *after* the filing of an EEO charge," *id.* (emphasis in original, alteration omitted), or covering actions which are "like or reasonably related to claims" that were timely exhausted. *Coleman v. Johnson*, 19 F. Supp. 3d 126, 137 (D.D.C. 2014) (citing *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010).

The circuit courts and district courts within this Circuit[11] have split on resolving that question. A majority of courts have adopted a rule that "a plaintiff alleging discrete acts of discrimination or retaliation – including those filed after an administrative complaint – must exhaust his [or her] administrative remedies with respect to the later-occurring incidents even if they are related to the claims in the administrative complaint." *Mount*, 36 F. Supp. 3d at 84

---

[10] Plaintiff does not identify when in 2012 these non-promotions occurred.

[11] The D.C. Circuit has twice declined to decide the question. *Payne*, 619 F.3d at 65; *Weber v. Battista*, 494 F.3d 179, 183-84 (D.C. Cir. 2007).

(collecting cases).  A minority permit plaintiff to raise retaliation claims for the first time in federal court if the "subsequent alleged retaliatory acts are of a like kind to the retaliatory acts alleged in the EEOC charge such that they necessarily would have come within the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination."  *Id.* at 85 (internal quotation omitted).

Under the majority rule, only the March 2012 non-promotion (which may or may not be alleged in the Amended Complaint, since the 2012 non-promotions are not identified by month) could be actionable, since it was the only non-promotion addressed in the EEOC charge.  Under the minority rule, each of the 2012 promotions could arguably be actionable as substantially similar to the properly exhausted non-promotion.  However, in this case the court need not join either side of the divide, because even if properly exhausted, the allegations fail to state a claim for relief.  *See infra* Section III.D.[12]

### D.  Adequacy of Allegations

Finally, setting aside the failure to exhaust, Defendant argues the First Amended Complaint must be dismissed for failure to state a claim.  (Def. Renewed Mot. at 13-20).  In response to this argument, Plaintiff argues that the pleading standards are liberal and low (including citation to the *Conley* "no set of facts" standard which has been explicitly overturned by the Supreme Court), but Plaintiff does not demonstrate how the allegations in the complaint meet those standards.  (Pl. Opp'n at 3-4, 6-8).

---

[12] In any event, there appears to be a factual dispute about whether Plaintiff amended his EEOC charge and whether the EEOC investigation encompassed non-promotions other than the March 2012 non-promotion.  (*See, e.g.*, Def. Ex. 5 at 2-3 (UDC's response to EEOC investigation, addressing three non-promotions)).  Resolution of this defense is therefore ill-suited to a motion to dismiss.

### i.  Age, Race and Gender Discrimination

"To succeed on a Title VII discrimination claim, a plaintiff has the initial burden of establishing a prima facie case of discrimination by showing that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Tressler v. Nat'l Ry. Passenger Corp.*, 819 F. Supp. 2d 1, 5 (D.D.C. 2011) (citing *Wiley v. Glassman,* 511 F.3d 151, 155 (D.C. Cir. 2007)).  In the context of non-hiring or non-promotion, the *prima face* burden includes that plaintiff 1) applied for, 2) was qualified for, and 3) was rejected from, 4) an available position.  *Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647, 650-61 (D.C. Cir. 2003).  To prevail on a motion to dismiss, it is not necessary to establish a *prima facie* case.  *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 162 (D.C. Cir. 2015).  Instead, Plaintiff must allege "facts that, if true, would establish the elements of each claim." *Tressler*, 819 F. Supp. 2d at 5 (citing *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 14 (D.D.C. 2008)).[13]

A number of critical allegations are absent from the First Amended Complaint.  Plaintiff does not allege that he applied for the positions given to the individuals identified in his amended complaint.  Instead, he alleges that in August 2012 he applied for two supervisory positions for which he was given no consideration (Am. Compl. ¶¶ 31-32), but does not allege whether those positions went to someone outside of a protected class.  Separately, he alleges that he was qualified for the position given to Cerina Smith but was not interviewed for it (Am. Compl. ¶¶ 40-41), and that Culmer and the unidentified fourth 2012 hire were given positions even though there was no vacancy at the time.  (Am. Compl. ¶¶ 42-43).  At oral argument Plaintiff argued

---

[13] The same standard applies in ADEA claims.  *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004).

that some vacancies were not advertised, precluding him from applying for them.  That may be so, but that is far from clear in the First Amended Complaint.  Except for the Cerina Smith position, Plaintiff does not allege that he was qualified for any of the positions which were given to others.  He alleges instead that he had more supervisory experience than the individuals who received those positions, leaving it to the court to presume that supervisory experience was a qualification for the positions.  To the extent that an employment discrimination claimant may survive a motion to dismiss by alleging "I was turned down for a job because of my race [or age or gender or prior protected activity]," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000), Plaintiff only does so if the court makes multiple assumptions about the nature of the relevant hiring practices.  *Twombly* and *Iqbal* require more factual context.  *See, e.g.*, *Jackson v. Acedo*, No. 08-cv-1941, 2009 WL 2619446, at *4 (D.D.C. Aug. 26, 2009) (noting likely abrogation of *Sparrow*).

To be sure, the court does not hold here that substantial factual details are necessary for an employment discrimination complaint to survive a motion to dismiss.  The court is mindful that particular information about comparative qualifications and hiring decisions is often not available to plaintiffs drafting their complaints.  But the unavailability of details does not excuse Plaintiff from alleging, on information and belief if necessary, the general sequence of events and basic facts.[14]  In light of all of these deficiencies, Plaintiff has failed to adequately allege a discrimination claim under Title VII or the ADEA and the First Amended Complaint must be dismissed.

---

[14] For instance, Plaintiff may not know the precise dates of each non-promotion, but he may be able to allege with more specificity when each non-promotion occurred (by month, or quarter), or when each non-promotion occurred in relation to other events alleged in the complaint (e.g. before or after the August 2012 EEOC charge).

### ii.  Retaliation

To state a claim for retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), a plaintiff must show that his or her employer "took materially adverse action against him because he participated in protected activity." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013); *Amiri v. Securitas Sec. Servs. USA, Inc.*, 35 F. Supp. 3d 41, 46 (D.D.C. 2014).[15]  In the context of hiring, plaintiff must also show that she "applied for an available job and was qualified for that position."[16]  *Amiri*, 35 F. Supp. 3d at 46.  A retaliation plaintiff must show that the retaliation would not have occurred but for the protected activity.  *Univ. of Texas SW Med. Cntr. v. Nassar*, 133 S.Ct. 2517, 2528 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action").

This causation may be established if the plaintiff alleges "that the employer had knowledge of the protected activity and that the adverse action occurred soon thereafter." *Marshall v. Potter*, 634 F. Supp. 2d 66, 73 (D.D.C. 2009).  When relying on temporal proximity alone to demonstrate causation, there is no bright-line rule, although three months is perceived as approaching the outer limit.  *Hamilton v. Geithner*, 666 F.3d 1344, 1357-58 (D.C. Cir. 2012).

A large gap between protected activity and retaliation is not necessarily fatal to a claim when the plaintiff can point to other factors leading to an inference of causation.  *Buggs v. Powell*, 293 F. Supp. 2d 135, 149 (D.D.C. 2003).  In *Buggs,* plaintiff was not chosen for promotion 7 months after plaintiff's first protected activity.  However the person responsible for determining promotions was the subject of an ongoing investigation into a complaint brought by the plaintiff, which gave rise to an inference of causation.  *Id.* at 150.  Similarly, in *Medina v.*

---

[15] Again, the standard under the ADEA is substantively identical.  *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009)

[16] As noted above, these allegations are largely absent from the complaint.

*District of Columbia,* 517 F. Supp.2d 272 (D.D.C. 2007), plaintiff alleged retaliation when he

was denied a transfer to a specialized division of the MPD.  The court held that denial of the

transfer by someone who knew about plaintiff's discrimination charges, as well as undisputed

evidence that the MPD had retaliated against other officers, was sufficient to raise a triable

inference of causation.  *Id.* at 289-90; *accord Payne v. District of Columbia*, 4 F. Supp. 3d 80, 90

(D.D.C. 2013) (repeated and escalating acts of retaliation in violation of D.C. Whistleblower

Protection Act culminating in termination by the same employees against whom the plaintiff had

complained was sufficient to reach the jury on causation).

 Defendant argues that the First Amended Complaint lacks any allegations establishing

this causal link.  Defendant argues there is no temporal proximity, since Plaintiff's protected

activity took place in 2009 and 2010 (Am. Compl. ¶¶ 18-19), and the actionable non-hires took

place in 2012.  (Def. Renewed Mot. at 19-20).  Plaintiff responds that his retaliation claim

sufficiently raises an inference of causation by citing to the proposition that "a pattern of

antagonism plaintiff suffers prior to the reprisals" gives rise to that inference, even when the

reprisals are temporally disconnected from the protected activity.  (Pl. Opp'n at 7 (citing *Taylor*

*v. Solis*, 571 F.3d 1313, 1322-23 (D.C. Cir. 2009)).   Although Plaintiff is correct that the law

provides that factors other than temporal proximity can give rise to a causal inference, *Buggs*,

293 F. Supp. 2d at 149, *Payne*, 4 F. Supp. 3d at 90, Plaintiff fails to identify any allegations in

the First Amended Complaint that concerning any such factors.  Plaintiff at oral argument

attempted to clarify that a pattern of non-promotions from 2010 to 2012 establishes the temporal

proximity, but this argument is not persuasive, because no such "pattern" is alleged.  Instead,

Plaintiff alleges protected activity in 2009 and 2010, paired with a single non-promotion

occurring some time in 2010[17] and then no further retaliation until 2012.  This large gap of time,

during which no other events or factors are alleged, gives rise to no inference of causation and,

correspondingly, no claim for relief.

### E.  Plaintiff's Request for Leave to File a Second Amended Complaint

Leave to amend a complaint is within the court's discretion and should be given "freely"

"when justice so requires."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), Fed. R.

Civ. P. 15(a)(2).  The Supreme Court has instructed that leave should be allowed absent a

showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party…[or] futility."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).   The court may deny leave to

amend "on grounds of futility where the proposed pleading would not survive a motion to

dismiss."  *In re Interbank Funding Corp. Secs. Litig.*, 629 F.3d 213, 215-16 (D.C. Cir. 2010).

Plaintiff's request for leave to further amend his complaint was procedurally defective.

*See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); L. Civ. R.

7(c) ("Each motion and opposition shall be accompanied by a proposed order"); L. Civ. R. 7(i)

("A motion for leave to file an amended pleading shall be accompanied by an original of the

proposed pleading as amended"); L. Civ. R. 15.1 (same).  Because it does appear possible that a

second amended complaint could survive a motion to dismiss, Plaintiff will be given *one* further

opportunity to state a claim.  Plaintiff must file a procedurally proper motion for leave to amend

his complaint by July 24, 2015.

---

[17] Although not actionable, it is relevant.  *Morgan*, 536 U.S. at 113 (exhaustion requirement does not "bar an employee from using the prior acts as background evidence in support of a timely claim").

## IV.   CONCLUSION

Plaintiff failed to exhaust administrative remedies with respect to the 2010 non-promotion.  As to the remaining non-promotions, assuming they were properly exhausted, the complaint fails to state a claim for relief.  Accordingly, the First Amended Complaint must be dismissed, with leave to file a motion for leave to amend the complaint.

A corresponding order will issue separately.

Dated: July 10, 2015